Opinion delivered May 1, 1886.

---

[No. 3700.]

ALEXANDER REDDICK ET AL. *v.* THE STATE.

1. SCIRE FACIAS—PRACTICE—EVIDENCE.—Notwithstanding the *quasi* criminal character of *scire facias* cases, all of the proceedings in such cases, after judgment *nisi* and the issuance of *scire facias,* unless otherwise expressly provided by statute, are liable to and governed in practice by the same rules that obtain in civil cases. A party to a civil suit, notwithstanding his interest in the subject matter of litigation, is a competent witness in his own behalf, and likewise, under the rule stated, the princi-

pal in a bond involved in *scire facias* proceedings is a competent witness in his own behalf and the behalf of his sureties.

2. Same.—That sickness or some uncontrollable circumstance prevented the principal's appearance in court is specially enumerated by the statute as sufficient to exonerate him and his sureties from liability on the forfeiture of the recognizance or bail bond.

Error from the County Court of Bexar. Tried below before the Hon. G. H. Noonan.

The writ of error in this case was prosecuted from a judgment final forfeiting the appearance bond of Alexander Reddick, bailed under a charge of dealing monte. The amount of the bond and judgment was $150.

*Tarleton & Keller*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. In September, 1882, plaintiff in error, Alexander Reddick, was arrested by the sheriff of Bexar county, on a *capias* issued under an indictment charging the said Reddick with exhibiting a monte game for the purpose of gaming. He gave bond, with Sam Berliner and Charles Murray as sureties, for his appearance before the district court of said Bexar county, to answer said indictment, which cause was numbered 2172. On June 11, 1883, the said cause number 2172 being called for trial, the said Reddick came not, and judgment *nisi* was taken against him and his sureties, Sam Berliner and Charles Murray, and the cause docketed in said district court as number 1429.

Citation was issued, and in due time plaintiffs in error filed their joint answer in said district court of Bexar county, and set up in defense that serious illness of said Reddick, at Hot Springs, in the state of Arkansas, where he was under medical treatment, and unable to travel for a continuous period anterior and subsequent to the date of said judgment *nisi* prevented his being in attendance at court at the date of his case being called for trial; that no disrespect was intended the court by his failure to be present, and that since the date of said judgment *nisi* the said Reddick had voluntarily come into said district court and had been tried on the charge aforesaid.

The said cause number 1429 coming on for trial on the twelfth day

of May, 1884, defendants offered to prove by said defendant, Reddick, the defensive matters alleged in the answer, when the State, by its counsel, objected to said Reddick testifying in the cause, on the ground that a suit on a bail bond is a criminal proceeding, and that the said Reddick, being the principal in the bond, was incompetent as a witness and not permitted to testify in his own behalf, and the court sustaining the objection, defendants excepted and tendered their bill of exceptions, which was allowed, and made part of the record.

It was error to refuse the appellant, Alexander Reddick, as a witness, to testify in his own behalf, and in behalf of his sureties in this cause. Whilst *scire facias* cases are *quasi* criminal cases, yet in all proceedings after judgment *nisi* and the issuance of *scire facias,* unless where otherwise expressly provided by statute, they are liable and held to be governed in practice by the same rules as obtain in civil cases. (Code Crim. Proc., Arts. 444, 449, 450, 891, 892, and 893; Hart v. The State, 13 Texas Ct. App., 555; McWhorter v. The State, 14 Texas Ct. App., 239; Hester v. The State, 15 Texas Ct. App., 481; Thompson et al. v. The State, 17 Texas Ct. App., 318; Holt v. The State, 20 Texas Ct. App., 271.) In civil cases a party, under our statute, is not disqualified from testifying in a case on account of personal interest.

One of the causes enumerated by the statute as being sufficient to exonerate sureties from liability on the forfeiture of the recognizance, or bail bond, of their principal, is the sickness of the principal, or some uncontrollable circumstance which prevented his appearance at court. (Code Crim. Proc., Art. 452, sub-div. 3; Thompson v. The State, 17 Texas Ct. App., 318.)

Because the court erred in refusing Reddick to testify, judgment is reversed and the cause is remanded for another trial.

*Reversed and remanded.*